**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flmb.uscourts.gov

In re:                                                                   Chapter 7

COPLEY E. SZOSTAK                                          Case No. 22-19693-EPK

          Debtor.

_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC,                          Adv. No.

          Plaintiffs,

v.

COPLEY E. SZOSTAK

          Defendant.

_____/

**VERIFIED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND**
**DISCHARGEABILITY OF DEBT**

Plaintiffs MicroBilt Corporation and Princeton Alternative Funding, LLC (together, "Plaintiffs"), by and through their undersigned counsel, brings this Complaint against the above-captioned defendant, and in support thereof respectfully allege and represent as follows:

**JURISDICTION AND VENUE**

1.      This is an adversary proceeding commenced pursuant to sections 523 and 727 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Rules") 4004 and 7001.

2.      The jurisdiction of this Court is founded upon §§ 28 U.S.C. 157(a), 157(b), and 1334 because this adversary proceeding is a core proceeding that arises in or arises under the

chapter 7 case of the Debtor now pending in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

3.       Venue of this proceeding in this Court is proper pursuant to 28 U.S.C. § 1409.

4.       The statutory predicate for this adversary proceeding are sections 523 and 727 of the Bankruptcy Code and Rules 7001 and 7007.

## PARTIES

5.       Plaintiff MicroBilt Corporation ("MicroBilt") is a Delaware corporation with a principal place of business located at 100 Canal Point Blvd., Princeton, New Jersey 08540.

6.       Plaintiff Princeton Alternative Funding, LLC f/k/a MicroBilt Capital Funding, LLC ("Successor PAF"), is a Delaware limited liability company, and successor-in-interest to Princeton Alternative Funding, LLC ("PAF"), a Delaware limited liability company formed on August 29, 2014.

7.       Copley E. Szostak ("Debtor") is an individual residing at 3191 South Dixie Highway, Apt. 515, West Palm Beach, FL 33405.

## NON-PARTIES

8.       Robert W. Szostak ("R. Szostak") is an individual residing at 3191 South Dixie Highway, Apt. 515, West Palm Beach, FL 33405, the Debtor's husband, a former Managing Member of PAF, a former equity holder in Successor PAF, and a debtor in his own chapter 7 case pending before this Court at Case No. 22-11098-MAM (the "R. Szostak Bankruptcy Case") as

well as a defendant in a similar adversary proceeding commenced by Plaintiffs and pending before this Court at Adv. Proc. No. 23-01045 (the "R. Szostak Adversary").

## FACTUAL BACKGROUND

**A.      The Frivolous Complaint against the Plaintiffs**

9.      On January 25, 2016, R. Szostak (among others) instituted an action (the "NJ Action") by filing a complaint (the "NJ Complaint") against MicroBilt, PAF, and the other defendants (the "NJ Action Defendants") in both their individual capacity and derivatively on behalf of PAF in the Superior Court of New Jersey, Chancery Division (the "NJ Court"), which was administered at Case No. L-675-20.

10.      On August 10, 2020, the NJ Action was consolidated with Case No. C-6-16.

11.      On August 11, 2020, the NJ Court dismissed the NJ Complaint with prejudice as lacking any legal or factual support.

12.      On March 31, 2020, MicroBilt and PAF filed counterclaims against R. Szostak (and others) in the NJ Action.

13.      On October 5, 2022, MicroBilt and PAF filed *Defendants' Second Amended Counterclaims* (the "Counterclaim Complaint") and discovery thereon ensured.

14.      As a result of discovery on the Counterclaim Complaint, facts came to light confirming that the Debtor – acting alone, through her various companies and in concert with R. Szostak – made false and disparaging statements against MicroBilt and PAF to third parties, regulators and "anyone who will listen" without any evidentiary or legal support.

15.      MicroBilt and PAF subsequently obtained relief in the NJ Action and filed *Defendants' Third Amended Counterclaim* (the "Amended Counterclaim Complaint").  A true and correct copy of the Amended Counterclaim Complaint is attached hereto as **Exhibit A**.

16.     The Amended Counterclaim Complaint raises various claims against various parties – including the Debtor who is named as a Jane Doe defendant for purposes of notice only. The defendants named in the Amended Counterclaim Complaint are the "Counterclaim Defendants."[1]

17.     The Amended Counterclaim Complaint seeks damages and equitable relief as a result of the Counterclaim Defendants' (including the Debtor's) (1) tortious interference with contract and prospective economic advantage, (2) breach of duty of loyalty, (3) common law misappropriation of trade secrets, (4) breach of nondisclosure agreement, and (5) fraud.

**B.      The Bankruptcy Case**

18.     On December 20, 2022, Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code in the Court.

19.     The Petition included Debtor's Statement of Financial Affairs (the "SOFA") and Schedules A through J.

20.     On February 15, 2023, Debtor filed amended Schedules A through J [Doc. No. 16] (the "Schedules").

21.     Debtor signed the SOFA under penalty of perjury as true and accurate.

22.     Debtor signed the Schedules under penalty of perjury as true and accurate.

23.     In the SOFA and Schedules, Debtor makes sworn representations regarding her assets.

24.     In the SOFA, Debtor does not disclose that she collected unemployment in the 2020, 2021, or 2022 calendar years.

---

[1] The Plaintiffs have not sought to collect any debt against the Debtor.  In fact, any collection on the claims asserted in the Amended Counterclaim Complaint will be through the Debtor's chapter 7 case (or only if the within relief is granted) upon separate further applicable order or in accordance with applicable bankruptcy law.

25.     Plaintiffs are informed and believe that Debtor was collecting unemployment from the State of New Jersey while residing in Florida.

26.     Plaintiffs are further informed and believe that Debtor was collecting unemployment from the State of New Jersey while owning more than 5% of a company.

27.     A true and correct copy of Form 1099-G issued by the New Jersey Department of Labor Unemployment Insurance showing that Debtor received $19,116 of unemployment compensation in 2021 is attached hereto as **Exhibit B**.

28.     Plaintiffs are informed and believe that Debtor did not qualify for unemployment when she was collecting it while residing in Florida.

29.     On her Schedules, The Debtor actively failed to disclose her ownership of the domain name "presentcompanyonline.com".

30.     On her Schedules, the Debtor actively failed to disclose her $10,000 liability to her "co-owner" Mr. Radvaney (which still has not been updated) – that she may very well reaffirm.

31.     On her Schedules, the Debtor actively failed to disclose her guaranty to the Small Business Administration (the "SBA") for a loan to the SBA on her Schedule E/F.

32.     Her Schedules/SOFA show the Debtor's active use of credit cards and cash advances in the weeks leading up to the filing.

33.     In addition, the SOFA requires Debtor to disclose, within 4 years before filing for bankruptcy, ownership interests or connections to certain businesses.

34.     Debtor is, or was, the registered agent of PC Social LLC ("PC Social"), a New Jersey Limited Liability Company.

35.     Debtor did not disclose her ownership in, or managerial position of, PC Social on the SOFA, thereby concealing her interest in PC Social from the Court.

36.     Plaintiffs raised these issues with the Debtor's Chapter 7 Trustee who advised that the Unites Stated Trustee Office generally only pursues "egregious cases where there are non-disclosures of substantial assets and transfers of assets with substantial value" and that the Plaintiffs need to "protect its rights if it believes the debtor is not entitled to receive a general discharge under Section 727 based on the information already in its possession as outlined above and whatever additional information it obtains through the 2004 process."

37.     While Plaintiffs believe that this case is the type of egregious lack of candor justifying relief, the Plaintiffs are concerned that the Debtor's lack of candor on the scope of her assets is not fully developed at this time for the United States Trustee's involvement.

38.     Immediately after the Debtor's 341 Meeting, counsel for the Plaintiffs requested that the materials provided to the chapter 7 trustee as part of the 341 meeting preparation be made available to the Plaintiffs for their review.  While the chapter 7 trustee did not oppose such provision with consent, counsel for the Debtor refused to consent to any such provision.  Therefore, the chapter 7 trustee advised that it was unable to provide the information absent a 2004 demand.  As such, Plaintiffs were forced to seek the information requested formally.

39.     On March 14, 2023, Plaintiffs filed the *Notice of Rule 2004 Exam* [Doc. No. 18], which requests that the Chapter 7 Trustee produce the documents described therein by March 28, 2023.  As a result of not yet receiving documents Plaintiffs have not been able to fully investigate other relevant omissions and misstatements regarding the Petition, SOFA, and/or Schedules.[2]

---

[2]  Plaintiffs requested an extension of the discharge and dischargeability deadlines but the Debtor would not consent.  As a result, the Plaintiffs filed this Complaint with full reservation of rights to modify the allegations herein as additional discovery is produced or ordered.

## COUNT I– NON-DISCHARGEABILITY OF CLAIMS ASSERTED IN THE AMENDED COUNTERCLAIM COMPLAINT
### (Pursuant to 11 U.S.C. §§ 523(a)(6))

40.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 above.

41.     Section 523(a)(6) of the Bankruptcy Code excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to property of another entity." 11 U.S.C. § 523(a)(6).

42.     As set forth in the Amended Counterclaim Complaint, Debtor intentionally, voluntarily, wrongfully, and without just cause participated in the misconduct at issue in the Claims asserted in the Amended Counterclaim Complaint.

43.     Counts I, II, VI, VIII and IX of the Amended Counterclaim Complaint seek damages as a result of Debtor's tortious interference with contract and prospective economic advantage, aiding and abetting additional predicate acts, trade libel and civil conspiracy.

44.     Debtor's tortious acts resulted from, among other things, Debtor's making false statements to third parties and government entities.

45.     As a result of Debtor's willful and malicious misconduct, Plaintiffs have suffered monetary damages set forth in Counts I, II, VI, VIII and IX of the Amended Counterclaim Complaint and incurred attorneys' fees in bringing the claims asserted in the Amended Counterclaim Complaint.

46.     Debtor intended to cause this loss to Plaintiffs from her fraudulent actions.

WHEREFORE, the Plaintiffs request that the Court (i) deny the dischargeability of Debtor's debt to Plaintiffs based on Counts I, II, VI, VIII and IX of the Amended Counterclaim Complaint under 11 U.S.C. § 523(6), and (ii) grant such other and further relief that this Court deems necessary and just.

## COUNT II – OBJECTION TO DISCHARGE
### (Pursuant to 11 U.S.C. § 727(a)(4)(A))

47.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 46 above.

48.    Section 727(a)(4)(A) of the Bankruptcy Code provides that a debtor shall not receive the benefit of a discharge if he or she knowingly and fraudulently makes a false oath or account in or in connection with the bankruptcy case.  11 U.S.C. § 727(a)(4)(A).

49.    Upon information and belief, and as will be further investigated during the discovery process in this action, Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, specifically with regard to her improper collection of unemployment from the State of New Jersey while residing in Florida.

50.    Plaintiff is also informed and believes that Debtor knowingly and fraudulently intentionally failed to list assets and financial information in her Schedules and SOFA, including but not limited to her improper collection of unemployment, her failure to disclose known liabilities, her ownership of a domain name and her interest in PC Social.

WHEREFORE, the Plaintiffs request that the Court deny Debtor a discharge under section 727(a)(4)(A) of the Bankruptcy Code.

*[Plaintiff Verification and Attorney Signatures on following pages]*

Dated:  March 27, 2023

REED SMITH LLP

/s/ Derek J. Baker
**REED SMITH LLP**
Derek J. Baker (*admitted pro hac vice*)
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: 215-851-8148
Facsimile: 215-851-1420
Email: dbaker@reedsmith.com


-and-


/s/ Alexis A. Leventhal
Alexis A. Leventhal (Fla. Bar No. 108064)
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email:  aleventhal@reedsmith.com

*Counsel for MicroBilt Corporation and Princeton Alternative Funding, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flmb.uscourts.gov

In re:                                                    Chapter 7

COPLEY E. SZOSTAK                                         Case No. 22-19693-EPK

                    Debtor.
_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC,                                 Adv. No.

                    Plaintiffs,

v.

COPLEY E. SZOSTAK

                    Defendant.
_____/

I John Cook, Jr., being of full age and with full capacity, certify and says as follows:

      1.  I am an Authorized Signatory for Princeton Alternative Funding, LLC a plaintiff in the within action.

      2.  I have read the factual allegations related to the undersigned in the within **COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND DISCHARGEABILITY OF DEBT** and they are true based upon my personal knowledge, except for those allegations made upon information and belief, which allegations I believe to be true.

      3.  I certify that the forgoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March __27__, 2023

                                   By: _____
                                   Name:  John Cook, Jr.
                                   Authorized Signatory

- 11 -

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 7

COPLEY E. SZOSTAK                                         Case No. 22-19693-EPK

                    Debtor.
_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC,                                Adv. No.

                    Plaintiffs,

v.

COPLEY E. SZOSTAK

                    Defendant.
_____/

I Walter Wojciechowski, being of full age and with full capacity, certify and says as follows:

1. I am an Authorized Signatory for MicroBilt Corporation, a plaintiff in the within action.

2. I have read the factual allegations related to the undersigned in the within **COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND DISCHARGEABILITY OF DEBT** and they are true based upon my personal knowledge, except for those allegations made upon information and belief, which allegations I believe to be true.

3. I certify that the forgoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March **27**, 2023

By: _Walter Wojciechowski_, CEO
Name: Walter Wojciechowski
Authorized Signatory

- 12 -