**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**https://flsb.uscourts.gov**

In re:

COPLEY E. SZOSTAK                                    Case No. 22-19693-EPK

    Debtor.                                                    Chapter 7
_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC

    Plaintiff,

v                                                                      Adv. No. 23-01070-EPK

COPLEY E. SZOSTAK

    Defendant.
_____/

### DEFENDANT'S MOTION TO TRANSFER CASE AND ADVERSARY PROCEEDING WITHIN DIVISION

    Defendant, COPLEY E. SZOSTAK, through her undersigned counsel, pursuant to Local Rule 1014-1, Local Rule 1015-1[1] and Interim Local Rule 1073-1[2](C)(2)(a) and (b), respectfully moves this Court for an order transferring the above captioned chapter 7 proceedings and adversary proceeding, intra-district/division, to the Honorable Mindy A. Mora, (the "Motion") and in support thereof, states:

    1.    The Defendant Debtor, Copley Szostak, is the spouse of Robert W. Szostak, whose voluntary chapter 7 proceedings are pending before the Honorable Mindy A. Mora in Case No. 22-11098-MAM. Accordingly, it is respectfully submitted that Local Rule 1073-1(C)(2)(a) is specifically applicable to this Motion.

---

[1] Neither 28 U.S.C. § 1412 or Fed. R. Bankr. P. 7087 are implicated; Transfer is being sought intra-district.

[2] As per Administrative Order 2022-04.

1

2.      Local Rule 1073-1(C)(2)(a) does not specify the requirements for a spousal motion to transfer to a "Specific Judge"

3.      Debtor's voluntary chapter 7 petition was filed on December 20, 2022, through counsel.

4.      Debtor's spouse, Robert Szostak, filed his voluntary chapter 7 proceedings, *pro se*, nine (9) months earlier, on February 11, 2022.  The undersigned counsel first appeared in Mr. Szostak's case on April 4, 2022.

5.      On February 6, 2023, the chapter 7 trustee in these proceedings, Chad S. Paiva, caused his notice of the debtor's compliance with 11 U.S.C. § 521(a)(1) to be issued [ECF #13].

6.      On March 27, 2023, Plaintiffs filed their adversary complaint against Copley Szostak. There were no extensions of the 523 or 727 deadlines requested.

7.      On June 14, 2023, the chapter 7 trustee, Chad S. Paiva, filed a report of no distribution in this case. [ECF #27].

8.      Plaintiffs filed their adversary complaint against Robert Szostak in Adv. Case No. 23-01146-MAM, on March 8, 2023, being the last day to file a 523 or 727 claim in Robert Szostak's Main Case No. 22-11098-MAM, pursuant to Judge Mora's *Order Granting Microbilt Corporation and Princeton Alternative Funding, LLC's Seventh Agreed Ex Parte Motion to Extend Time to Object to Dischargeability of Debt Pursuant to 11 U.S.C. Section 523 and to Discharge Pursuant to 11 U.S.C. Section 727 (Re: #81)* [*In re: Robert W. Szostak, Debtor; Case No. 22-11098-MAM - ECF #82*].

9.      The allegations made by Plaintiffs against Copley Szostak in her adversary Complaint are derived from or duplicative of the allegations in the earlier-filed adversary complaint against Robert Szostak; they each relate in large part to the allegations currently being litigated in the Superior

Court of New Jersey, Chancery Division, in Case No. L-675-20[3]. The New Jersey proceedings were commenced in 2016, originally by Robert Szostak as a Plaintiff and a third amended counterclaim continues to be prosecuted by the Plaintiffs herein in accordance with the entry by Judge Mora of an *Agreed Order Granting Agreed Motion for Relief from the Automatic Stay* in Robert Szostak's main case[4]. [*In re: Robert W. Szostak, Debtor; Case No. 22-11098-MAM – ECF #38*].

10. Count I of the Adversary Complaint filed against Copley Szostak seeks a judgment of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) and is captioned: "COUNT I – NON-DISCHARGEABILITY OF CLAIMS ASSERTED IN THE AMENDED COUNTERCLAIM COMPLAINT". The Plaintiffs are referring to the N.J. court proceedings and the pleadings filed therein. Plaintiffs expressly incorporate Counts I, II, VI, VIII and IV of the "Amended Counterclaim Complaint" into the Adversary Complaint against Copley Szostak. These were allegations previously leveled only against Robert Szostak. *("Tortious interference with contract and prospective economic advantage, aiding and abetting additional predicate acts, trade libel and civil conspiracy"*. [ECF #1, Paragraph 43].

11. Robert Szostak's Main Case shows 94 docket entries, while Copley Szostak's Main Case shows 28 docket entries. It would appear likely that Judge Mora has had greater exposure to issues common to Copley Szostak's adversary proceedings. For example, in Robert Szostak's chapter 7 proceedings, the Debtor, Copley Szostak, raised the issue of the *"Pending Proceedings Rule"* when faced with comprehensive discovery requests that the undersigned counsel considered to be violative of the rule. The parties were able to reach an agreement on this issue, resulting in the filing of an *Agreed Motion for Protective Order to Limit Scope of 2004 Examination* [*In re: Robert W. Szostak,*

---

[3] Although Copley Szostak was never a party to the N.J. State Court proceedings until, apparently, very recently. (*See paragraph 16 of Plaintiff's Adversary Complaint – ECF #1*]
[4] Plaintiff's N.J. complaint was dismissed with the counterclaims of Microbilt and Princeton remaining as pending and a third amended counterclaim was filed prior to the adversary filed against Copley Szostak [ECF #1, paragraph 16.]

3

*Debtor; Case No. 22-11098-MAM - ECF #58*]". On September 12, 2022, Judge Mora entered the *Agreed Order Granting Agreed Motion for Protective Order [ECF #59].* Plaintiffs thereafter conducted the Rule 2004 Examination of Robert Szostak, Duces Tecum.

12.     Although Local Rule 1015-1(A)(1)(b) appears to relate only to those intra-district motions to transfer that also seek joint administration, consideration of the specified requirements would nevertheless appear to make good sense given that Local Rule 1073-1(C)(2)(a) does not appear to require anything in particular in making an application for transfer to a particular judge. Local Rule 1073-1(C)(2) provides only that the "…Requests…shall be considered by the court upon motion by a party".:

13.     Because joint administration is not being sought pursuant to Local Rule 1015-1, the requirement that a statement be proffered that the joint administration would not create any conflict of interest would be inapplicable. However, in an abundance of caution and in the event the Court ultimately orders joint administration and transfer, the Defendant Debtor herein affirmatively represents that no such conflict of interest would exist; Second, it is respectfully submitted that the Defendant Debtor has specified with particularity why this transfer is being sought and why the transfer of both the Main Case and the captioned adversary proceeding should be transferred to The Honorable Mindy A. Mora.

14.     While our Local Rules 1015-1 and 1073-1 specify the procedural and substantive requirements of a motion for joint administration or transfer, Defendant further supports her argument in favor of the relief requested in her Motion by reference to a Northern District of Georgia case, Ogier v. Am. Nat'l Red Cross, 2018 U.S. Dist. LEXIS 236359; 2018 WL 10699592 (U.S. U.S. Distr. Ct. N.D. Ga 2018):

> "The Court finds that principles of judicial economy and efficiency warrant granting the Motion to Transfer. Specifically, the factual issues and parties are the same as those issues already presided over by Judge Batten for over two years. Under this Court's internal operating procedures, it is appropriate to assign related cases to the same judge. See

4

> *Frazier v. Williams Fund Private Equity Grp., No. CIV. A. 1:06-CV-100MH, 2006 U.S. Dist. LEXIS 16811, 2006 WL 898178, at \*2 (N.D. Ga. Apr. 5, 2006)* ("Under Rule 905-2 of the Court's Internal Operating Procedures, related cases must be assigned to the same judge."). Pursuant to this Court's procedures, cases may be specifically assigned to a Judge who was assigned to prior litigation which is related, where the case involves the "same issue of fact or arises out of the same event or transaction included in earlier numbered pending suit" or where "either same or all of the parties and issues in this case were previously involved in [a dismissed case]." See Form Civil Action Cover Sheet, Section VIII(2),(7). Further, **[\*4] this** Court has recognized that principles of judicial economy and efficiency are best served to transfer cases when a different Judge already has knowledge of the claims and parties involved, particularly where — as here — the motion is made for efficiency as opposed to "blatant judge shopping." *Chemence Med. Prod., Inc. v. Quinn, No. 111CV013661-ILMLTW, 2014 U.S. Dist. LEXIS 189940, 2014 WL 12539404, at \*1 (N.D. Ga. Sept. 3, 2014)*.
>
> In this case, the same parties are litigating the same claim that Judge Batten previously presided over for two years. For these reasons, the Court finds it most prudent to transfer this case back to Judge Batten because of his experience and familiarity in presiding over this matter." *Id.at 2018 U.S. Dist. LEXIS 236359*

While the *Ogier* case, involved the voluntary dismissal and refiling 6 months later of a tort suit, the issue of transfer arose due to the initial judicial assignment of the refiled case to a judge other than the original judge who had litigated the case for two (2) years. Like the considerations set forth in *Ogier* by U.S. District Court Judge Michael L. Brown, Judge Mora has familiarity with the "claims and parties involved". Further, judicial economy and efficiency would best be served by transferring both the Main Case and the pending adversary proceeding to Judge Mora, consistent with Local Rule 1014-1(A).

**WHEREFORE**, the Defendant Debtor, Copley Szostak, respectfully requests the Court consider this application for a transfer of both the Main Case and the pending adversary proceedings filed against the Debtor Defendant, to The Honorable Mindy A. Mora, and for such other and further relief as the court deems necessary and appropriate.

**I HEREBY CERTIFY** that a true copy of the foregoing **Motion to Transfer** has been furnished this 17th day of August, 2023, via CMECF to all persons and entities authorized to receive electronic notices from the court and to all persons who are not so authorized, by regular U.S. Mail, postage prepaid, as shown on the attached Service List.  In addition, a copy of this Motion, upon filing, will be attached to a Notice of Filing and filed in the Main Case for Robert Szostak, Case No. 22-11098-MAM.

**STEVE NEWBURGH, P.A.**
Attorneys for Debtor Defendant
COPLEY E. SZOSTAK
884 NW 6TH Drive
Boca Raton, Florida 33486
Telephone: (561) 329-1997
Email:  ssn@newburghlaw.net


BY:     */s/ Steven S. Newburgh*
    **STEVEN S. NEWBURGH**
    Florida Bar No. 348619

# Mailing Information for Case 22-19693-EPK

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Alexis A Leventhal    aleventhal@reedsmith.com, slucas@reedsmith.com
- Steven S Newburgh    ssn@newburghlaw.net, cmecf@newburghlaw.net
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Chad S. Paiva    trustee.paiva@gmail.com, simone@fenderbollingpaiva.com; ecf.alert+Paiva@titlexi.com

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- (No manual recipients)