**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Chapter 7

COPLEY E. SZOSTAK                          Case No 22-19693-EPK

              Debtor.

_____/

MICROBILT CORPORATION and PRINCETON    Adv. No. 23-01070-EPK
ALTERNATIVE FUNDING, LLC,

              Plaintiffs,

v.

COPLEY E. SZOSTAK,

              Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER CASE AND**
**ADVERSARY PROCEEDING WITHIN DIVISION**

Creditors, MicroBilt Corporation and Princeton Alternative Funding, LLC (together, the "Plaintiffs"), through undersigned counsel, hereby file this response (this "Response") in opposition of the motion of Copley E. Szostak (the "Defendant" or "Debtor") requesting that this Court transfer this Case and Adversary Proceeding within Division [Doc. No. 29 and Adv. Pro. Doc. No. 15] (together, the "Motion"). In support of this Response, Plaintiffs respectfully state as follows:

**JURISDICTION AND VENUE**

1.      This is an adversary proceeding commenced pursuant to sections 523 and 727 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Rules") 4004 and 7001.

2.     The jurisdiction of this Court is founded upon §§ 28 U.S.C. 157(a), 157(b), and 1334 because this adversary proceeding is a core proceeding that arises in or arises under the chapter 7 case of the Debtor now pending in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

3.     Venue of this proceeding in this Court is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4.     On February 11, 2022, the Debtor's spouse, Robert W. Szostak ("R. Szostak"), filed his own chapter 7 case pending in this Court at Case No. 22-11098-MAM (the "R. Szostak Bankruptcy Case") before the Honorable Mindy A. Mora ("Judge Mora").

5.     On December 20, 2022, Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code (the "Bankruptcy Case") in the Court.  When the Debtor filed her Bankruptcy case, she did not identify her case as related to the R. Szostak Bankruptcy Case.  The Debtor's Bankruptcy Case was assigned to the Honorable Erik P. Kimball ("Judge Kimball").

6.     On March 8, 2023, Plaintiffs commenced an adversary against R. Szostak (the "R. Szostak Adversary").[1]  Pursuant to the R. Szostak Adversary, Plaintiffs asserted nine (9) total counts seeking relief against the Debtor:  eight (8) counts seek a determination that debts are nondischargeable pursuant to sections 523(a)(2)(A) and (6) and a general objection to R. Szostak's general discharge pursuant to § 727.

7.     On August 31, 2023, Plaintiffs filed the *Verified Motion for Clerk's Entry of Default Against the Defendant* [R. Szostak Adversary, Doc. No. 6] in the R. Szostak Adversary, as

---

[1] The R. Szostak Adversary was dismissed on July 19, 2023 with leave to refile, which case was refiled on July 19, 2023 and is currently pending at Case No. 23-01146-MAM.  A Default has been entered in the R. Szostak Adversary.  (See *infra*.)

R. Szostak has failed to timely answer or otherwise respond to the complaint in that case by the thirty (30) day deadline, which passed on August 25, 2023.

8.      On August 31, 2023, the Clerk of the Court granted the entry of default [Doc. No. 7] (the "R. Szostak Default Order").  The R. Szostak Adversary has been fully resolved in favor of the Plaintiffs.

9.      On March 27, 2023, the Plaintiffs commenced an adversary proceeding against the Debtor (the "C. Szostak Adversary"), which is currently pending before Judge Kimball.  Pursuant to the C. Szostak Adversary, Plaintiffs asserts two counts seeking relief against the Debtor:  one count seeking a determination that a debt is nondischargeable pursuant to sections 523(a)(6);  and second count seeking a general objection to the Debtor's general discharge pursuant to § 727.

10.     Pursuant to Count I in the C. Szostak Adversary, Plaintiffs seek a determination of nondischargeability as to certain counterclaims (the "Counterclaims") asserted against the Debtor in ongoing litigation pending in the New Jersey state court (the "NJ Litigation"):  Counterclaim I (tortious interference with contract and prospective economic advantage due to misappropriation of confidential information); Counterclaim II (breach of duty of loyalty); Counterclaim VI (aiding and abetting breach of non-disclosure of trade secrets); Counterclaim VIII (commercial disparagement / trade libel), and Counterclaim IX (civil conspiracy). [2]

11.     On August 9, 2023, this Court entered an *Order Setting Filing and Disclosure Requirements for Pretrial and Trial* [Doc. No. 12] (the "Scheduling Order"), establishing certain

---

[2] Plaintiffs have not forgotten the Court's request regarding amendment the Adversary Complaint and has, in fact, prepared such an amendment which they intended to file following discussions with Debtor's counsel,  Plaintiffs' attempts to meet and confer with the Debtor have been frustrated by Debtor counsel's continued scheduling issues, which Plaintiffs understand are related to Debtor's counsel's lingering health problems.  In addition, Plaintiffs note the Scheduling Order provides that the deadline to file a motion to amend pleadings are due 14 days before the pretrial conference scheduled December 13, 2023, at 9:30 a.m. *See* Scheduling Order, at ¶ 4.

deadlines to expedite and facilitate the trial of this Case, including the exchange of initial disclosures

12.    Plaintiff had originally issued its Initial Disclosures in the C. Szostak Adversary on May 15, 2023 (pursuant to the Federal Rules of Civil Procedure) and again on August 24, 2023 pursuant to the Scheduling Order.  Despite numerous requests to the Debtor for her compliance and delivery of her Initial Disclosures required (under the times originally set by the Federal Rules of Civil Procedure) and pursuant to the Scheduling Order, the Debtor has not complied with her obligations.

## RESPONSE

13.    By the Motion, the Debtor seeks to transfer the C. Szostak Adversary - and her underlying Chapter 7 bankruptcy case – to Judge Mora because the Debtor argues the claims Plaintiffs assert in the C. Sozstak Adversary include "allegations previously leveled" in the R. Szostak Adversary.  Without any basis other than supposition – the Debtor seeks to transfer the C. Szostak Adversary to Judge Mora, because "[i]t would appear likely […] has had greater exposure to issues common to Copley Szostak's adversary proceedings."  Motion, at ¶ 11.

14.    In the first instance, a default has already been entered and judgment can be rendered in the R. Szostak Adversary.

15.    The Debtor does nothing to identify the alleged "similarities" of the C. Szostak Adversary with the R. Szostak Adversary Proceedings other than the allegation that they related to the same NJ Litigation.  In reality, any overlaps are limited only to the fact that some of the debts Plaintiffs' assert are nondischargeable arise from the NJ Litigation.  The C. Szostak Adversary – and the relief determining the liabilities in the NJ Litigation against C. Szostak are nondischargeable are predicated on unique facts as they pertain to each of the two separate

individuals.    Accordingly, the C. Szostak Adversary will require consideration of distinct and separate factual issues—none of which have been considered by either Judge at this stage in the litigation.

16.    Moreover, Plaintiffs' § 727 claim against the Debtor is completely factually distinct from claims raised in the R. Szostak Adversary.  In fact, the § 727 claim addresses only this particular Debtor's specific representations (or lack thereof) in her underlying Bankruptcy Case. There is no factual or perceived overlap with R. Szostak whatsoever.  As such, any argument that the C. Szostak Adversary would benefit from a transfer for the sake of Judge Mora's perceived experience with R. Szostak is not supportable.

17.    In addition, a transfer of the C. Szostak Adversary to Judge Mora at this stage in would add unnecessary further delay in the progression of C. Szostak Adversary which has already had a slow start.[3]    This Court has already entered the Scheduling Order in the C. Szostak Adversary, which the Debtor has already failed to comply with by failing to provide initial disclosures despite numerous requests and having been provided Plaintiffs' initial disclosures on August 24, 2023.  Given that the C. Szostak Adversary has already seen numerous delays and the Debtor has already missed Court-ordered deadlines, this proceeding cannot support the additional delay that would necessarily occur upon the transfer of the C. Szostak Adversary.

18.    Finally, transfer is inappropriate at this time.  Pursuant to entry of the R. Szostak Default Order entered in the R. Szostak Adversary, the R. Szostak Adversary is proceeding on a different procedural path that does not benefit from any alleged efficiencies of being consolidated with the C. Szostak Adversary before the same Judge.

_____

[3] The initial Scheduling Conference, which was originally set for June 14, 2023, was continued no fewer than three (3) times for a total of almost two months.  See Doc. Nos. 3, 7, 8, 9.

WHEREFORE, Plaintiffs respectfully requests that this Court issue an order (i) denying the Motion, and (ii) granting the Plaintiffs such other and further relief as this Court deems appropriate.

Dated: September 1, 2023                                    Respectfully submitted,


By:  /s/ Derek J. Baker
      Derek J. Baker (PA State Bar No. 82207)
      *Admitted pro hac vice*
      Reed Smith LLP
      Suite 3100
      Three Logan Square
      1717 Arch Street
      Philadelphia, PA  19103
      Telephone:  215-851-8148
      Facsimile:  21-851-1420
      Email:  dbaker@reedsmith.com

      -and-

      /s/ Alexis A. Leventhal
      Alexis A. Leventhal (Fla. Bar No. 108064)
      Reed Smith LLP
      225 Fifth Avenue, Suite 1200
      Pittsburgh, PA  15222
      Telephone: (412) 288-3131
      Facsimile: (412) 288-3063
      Email:  aleventhal@reedsmith.com


      *Counsel for MicroBilt Corporation and Princeton Alternative Funding, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 1, 2023, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest who are participating in the CM/ECF system, and by First Class U.S. mail to all parties on the attached mailing service list.

<em>/s/ Alexis A. Leventhal</em><br>Alexis A. Leventhal

**First Class U.S. Mailing List:**
Copley E. Szostak
3191 S Dixie Hwy, Apt 515
West Palm Beach, FL 33405-1596

and

Steven S. Newburgh, P.A.
884 Northwest 6th Drive
Boca Raton, FL 33486