**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                    Chapter 7

COPLEY E. SZOSTAK                         Case No 22-19693-MAM

                    Debtor.

_____/

**MOTION FOR LIMITED RELIEF FROM THE**
**AUTOMATIC STAY TO PERMIT FILING OF AMENDED COMPLAINT**

**UNDER LOCAL RULE 9013-3(C), THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT FURTHER MOTION, NOTICE, OR HEARING IF NO WRITTEN RESPONSE OR OBJECTION IS FILED AND SERVED WITHIN 14 DAYS AFTER SERVICE OF THIS MOTION.**

MicroBilt Corporation ("*Microbilt*") and Princeton Alternative Funding, LLC ("*PAF*" and, with Microbilt, the "*Creditors*"), through their undersigned counsel, file this motion (the "*Motion*") for entry of an order granting Creditors relief from the automatic stay under § 362(d)(1) of title 11 of the United States Code (the "*Bankruptcy Code*") for the limited purpose of allowing Creditors to specifically name Copley E. Szostak (the "*Debtor*") individually as a defendant in the "*New Jersey Action*" [1] and thereafter prosecute such claims to judgment as are asserted against her in that action.  In support of this Motion, Creditors state as follows:

**SUMMARY OF THE ARGUMENT**

1.        As has been previewed to this Court, Debtor is already included as a Jane Doe defendant in the New Jersey Action, and Creditors have long anticipated the need to name Debtor

---

[1] The New Jersey Action is administered at *Robert Farrell, et al. v. MicroBilt Fin. Serv. Corp. et al.*, Case No. L-675-20 (now consolidated with Case No. C-6-16) in the Superior Court of New Jersey, Chancery Division (the "*New Jersey Court*").

specifically as an additional defendant in that case due to facts that have been revealed through the discovery process. Counsel to Creditors in the New Jersey Action are prepared to file an amended complaint in the New Jersey Action (the "***Amended New Jersey Complaint***"), in order to specifically name Debtor as a defendant. A copy of the proposed Amended New Jersey Complaint is attached hereto as <u>Exhibit A</u>.

2.      Stay relief is appropriate for the purpose of allowing Creditors to specifically name the Debtor as a defendant in the New Jersey Action, so as to liquidate their claims against the Debtor in that forum. Because this Court has already indicated that liquidation of Creditors' claims in the pending New Jersey Action is desirable and appropriate, the Court should grant the Creditors stay relief to allow Creditors to specifically name Debtor as a defendant in the New Jersey Action.

<u>**JURISDICTION AND VENUE**</u>

3.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a), 362(d) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion is proper pursuant to 28 U.S.C. § 1409.

4.      The statutory predicate for the relief requested herein is § 362(d),[2] Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and the Local Rules of United States Bankruptcy Court for the Southern District of Florida (the "***Local Rules***").

<u>**BACKGROUND**</u>

**A.      <u>Pre-Bankruptcy: Ongoing Litigation in New Jersey.</u>**

5.      On January 25, 2016, Debtor's husband, Robert Szostak ("***Robert Szostak***") and others instituted the New Jersey Action by filing a complaint (the "***Original Complaint***") against

---

[2] Unless otherwise noted, section (§) references herein are to the Bankruptcy Code.

MicroBilt, PAF, and other defendants in both their individual capacity and derivatively on behalf of PAF in the New Jersey Court.  This original action was administered at Case No. L-675-20.

6.     On March 31, 2020, Creditors filed counterclaims against Robert Szostak and others in the still-pending New Jersey Action.  On August 10, 2020, the New Jersey Action was consolidated with Case No. C-6-16.  On August 11, 2020, the New Jersey Court dismissed the Original Complaint with prejudice as lacking any legal or factual support.

7.     On October 5, 2022, Creditors filed their *Defendants' Second Amended Counterclaims* (the "**Counterclaim Complaint**") and discovery thereon ensued.

8.     As a result of discovery on the Counterclaim Complaint, facts came to light confirming that Debtor—acting alone, through her various companies and in concert with Robert Szostak and others—made false and disparaging statements against Creditors to third parties, regulators and "anyone who will listen" without any evidentiary or legal support.

9.     Creditors subsequently obtained leave in the New Jersey Action to file their *Defendants' Third Amended Counterclaim and Third Party Complaint* (the "**Amended Counterclaim Complaint**"). A true and correct copy of the Amended Counterclaim Complaint is attached as an exhibit to the *Verified Amended Complaint* in the adversary proceeding styled *Microbilt v. Szostak*, Adv. No. 23-01070 (the "**Discharge Proceeding**"), and pending before this Court.[3]

10.     The Amended Counterclaim Complaint asserts various claims against various parties, including the Debtor, who is presently named as a Jane Doe defendant for purposes of notice only. The defendants named in the Amended Counterclaim Complaint include: (i) Robert

---

[3] The statements made in these paragraphs 1-9 represent a slightly abridged restatement of paragraphs 9-17 of the Verified Amended Complaint filed in the Discharge Proceeding.

Farrell ("*Farrell*"); (ii) the Debtor's husband, Robert Szostak; (iii) Darren M. Baldo ("*Baldo*"), who has represented the legal interests of both himself and Robert Szostak; (iv) Patanjali Nanda ("*Nanda*"), a prior consultant for Creditors; (v) Creative Business Decisions, Inc. ("*CBD*"); (vi) Dynamic Vertical Solutions, Inc. ("*DVS*"), both operated through Nanda;  (vii) Edward M. Bernstein and Bernstein & Manahan, LLC; (viii) Lawrence West and SEC Whistleblower Consultants, LLC; (ix) John Barrile; and (x) various Jane Doe, John Doe and John Doe Entity defendants.

11.    The Amended Counterclaim Complaint seeks damages and equitable relief as a result of Debtor's and the other counterclaim defendants' (i) tortious interference with contract and prospective economic advantage, (ii) breach of duty of loyalty, (iii) aiding and abetting breach of fiduciary duty, (iv) aiding and abetting breach of duties of non-disclosure of trade secrets, (v) commercial disparagement and trade libel, and (vi) civil conspiracy.

**B.    This Case and the Discharge Suit**

12.    On December 20, 2022, Debtor commenced this case under Chapter 7 of the Bankruptcy Code.

13.    On March 27, 2023, the Creditors filed a complaint (the "*First Complaint*") commencing the Discharge Suit administered at Adv. No. 23-01070-MAM (the "*Discharge Suit*").  *See* Discharge Suit, ECF No. 1.  On April 27, 2023, the Debtor filed her answer to the Original Complaint.  *See* Discharge Suit, ECF No. 6.

14.    On December 7, 2023, by leave of this Court (Discharge Suit, ECF No. 39), the Creditors filed the amended complaint (Discharge Suit, ECF No. 41, the "*Adversary Complaint*"). The Adversary Complaint did not substantially alter the facts underlying the First Complaint, nor did the Debtor substantially revise her answer compared to her answer to the First Complaint.  The

Adversary Complaint asserts two causes of action: (1) an objection to the dischargeability of a debt under 11 U.S.C. §§ 523(a)(6) ("*Count 1*"); and (2) an objection to the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A) ("*Count 2*").  Discharge Suit, ECF No. 41,  at 15, 26.  On January 2, 2024, the Debtor filed her Answer and Affirmative Defenses to Adversary Complaint (Discharge Suit, ECF No. 63, the "*Answer*").

15.     On April 16, 2024, the Court entered an order (Discharge Suit, ECF No. 116, the "*Abatement Order*") that, among other things, abated Count 1 of the Complaint pending the outcome of the New Jersey Action and allowed the Creditors to proceed in this Court as to Count 2 of the Complaint.  This relief was granted along with similar relief granted in the parallel adversary proceeding filed by the Creditors against Robert Szostak to similarly abate certain § 523 causes of action pending the outcome of the New Jersey Action.

## C.     Amendment to Specifically Name Copley Szostak Individually.

16.     In the course of discovery conducted in the New Jersey Action, facts came to light indicating that the Debtor—acting alone, through various companies controlled by her, and in concert with Robert Szostak—made false and disparaging statements against Creditors to third parties, regulators and others.  Following these discoveries, Creditors intend to sue Debtor in the New Jersey Action, and specifically name her individually as one of the Jane Doe defendants in the New Jersey Action.  It is these claims against the Debtor that are the basis of Creditors' claims against the Debtor in the Discharge Suit.

17.     On June 3, 2026, Creditors filed the *Creditors' Status Report Regarding Pending New Jersey Litigation* in this bankruptcy case [ECF No. 61], to provide this Court with information concerning the status and advancement of the New Jersey Action—including anticipation of the Amended New Jersey Complaint.

- 5 -

18.     Creditors' counsel in the New Jersey Action have now prepared the Amended New Jersey Complaint, which specifically names the Debtor individually as a defendant, and is prepared to seek leave in the New Jersey Court to file the Amended New Jersey Complaint.

## RELIEF REQUESTED AND BASIS FOR RELIEF

19.     For the reasons set forth below, Creditors respectfully move this Court for entry of an order modifying the automatic stay for the purpose of permitting Creditors to seek leave from the New Jersey Court to file the Amended New Jersey Complaint specifically naming the Debtor individually as a defendant, to file such pleading, and to thereafter continue prosecuting the New Jersey Action against the Debtor to its conclusion.

20.     Prior to filing this Motion, Creditors conferred with the Debtor through counsel regarding the relief requested in this Motion and are informed that the Debtor **opposes** the requested relief.

## BASIS FOR RELIEF REQUESTED

21.     The Bankruptcy Code provides that the bankruptcy court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1).  As § 362(d)(1) does not define "cause," "[c]ourts conduct a case-by-case inquiry and apply a totality of the circumstances test to determine cause for relief from the stay exists." *In re Mack*, No. 06-cv-1782, 2007 U.S. Dist. LEXIS 30114, at *9 (M.D. Fla. Apr. 24, 2007).  The Debtor has the burden of proving the absence of "cause" for relief from the automatic stay.  *See In re Aardvark, Inc.*, 1997 WL 129346, at *4 (D. Del. Mar. 4, 1997) (quoting *In re Phoenix Pipe & Tube, L.P.*, 154 B.R. 197, 198 (Bankr. E.D. Pa. 1993)); *In re White*, 2004 WL 825847, at *2 (Bankr. D. Colo. Mar. 12, 2004); 11 U.S.C. § 362(g).

22.     Allowing a matter to proceed in another forum constitutes "cause" to lift the stay. *See In re Murray Indus., Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990).  The legislative history

of section 362(d)(1) indicates that stay relief is appropriate to allow litigation against a debtor to proceed in its original forum when there is "no great prejudice to the bankruptcy estate":

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006) (quoting S. Rep No. 989, 95th Cong., 2d Sess. at 50 (1978)); *see also In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990).

23.     Here, liquidation of Creditors' claims against Debtor in the New Jersey Action is consistent with this Court's professed desire to avoid duplication and see such claims liquidated by the New Jersey Court.  In particular, Creditors and the Debtor's husband, Robert Szostak, previously filed an *Agreed Motion for Relief from the Automatic Stay* in his own separately pending chapter 7 case before this Court for the express purpose of allowing the New Jersey Action to proceed to final judgment.  That *agreed* motion was filed in Robert Szostak's case, Case No. 22-11098, on April 26, 2022, and an order granting the requested relief and modifying the stay "to permit the Parties to conclude the New Jersey Litigation" was entered in his case on May 5, 2022.

24.     The relief sought in this Motion is entirely consistent with the relief previously granted in Robert Szostak's case and with Creditors' prior representations to this Court that their claims against the Debtor form the basis of their standing to assert objections to her discharge under §§ 523(a) and 727(a).  As such, the relief requested herein will not prejudice the Debtors' bankruptcy case and will conserve judicial resources by allowing those claims to proceed to trial and judgment in the forum where Creditors claims against Robert Szostak and others arising from the same underlying factual circumstances are already pending.  Conversely, Creditors might be prejudiced if they are not permitted to assert claims against the Debtor in the pending New Jersey Action. The New Jersey Action has been pending for several years and witnesses and documentary

evidence are located in the State of New Jersey, including evidence related to Creditors' claims against the Debtor.

### WAIVER OF BANKRUPTCY RULE 4001(a)(3)

25.     Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

26.     In order to further expedite the progress of the New Jersey Action, Creditors would be prejudiced by a delay in the effectiveness of an order granting stay relief.  Accordingly, Creditors submit compelling circumstances exist under Local Rule 4001-1(c)(3) and respectfully requests that this Court grant such relief effective immediately.

### RESERVATION OF RIGHTS

27.     Creditors hereby reserve the right to file such other and further motions or requests for relief as may be appropriate, and do not waive and hereby expressly preserves all other rights, remedies, and arguments afforded to Creditors by the Bankruptcy Code, the Local Rules, the Bankruptcy Rules, and any applicable state and Federal statutes.

### CONCLUSION

WHEREFORE, Creditors respectfully request entry of an order, substantially in the form attached hereto as Exhibit B in accordance with Local Rule 9013-3(c): (i) granting the limited stay relief requested herein; (ii) waiving the fourteen-day waiting period described in Bankruptcy Rule 4001(a)(3) pursuant to Local Rule 4001-1(c)(3); and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  June 29, 2026

**REED SMITH LLP**

*/s/  Edward M. Mullins*
Edward M. Mullins
Florida Bar No. 863920
200 South Biscayne Boulevard, Suite 2600
Southeast Financial Center
Miami, Florida 33131
Telephone: 786-747-0203
Email:  emullins@reedsmith.com

and

Michael P. Cooley (admitted pro hac vice)
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Fax: (469) 680-4299
Email: mpcooley@reedsmith.com

and

Emily C. Costantinou (admitted pro hac vice)
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: ecostantinou@reedsmith.com

*Counsel for MicroBilt Corporation and*
*Princeton Alternative Funding, LLC*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on June 29, 2026, which sent notification to all parties of interest who are participating in the CM/ECF system AND Plaintiff sent notification via U.S. First Class Mail on June 29, 2026 to all interested parties as shown on the attached Court Mailing List.

/s/ Edward M. Mullins
Edward M. Mullins
Florida Bar No. 863920

**Mailing Information for Case 22-19693-MAM**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Edward M Mullins**   emullins@reedsmith.com, docampo@reedsmith.com;dsteinmeyer@reedsmith.com
- **Steven S Newburgh**   ssn@newburghlaw.net, tina@newburghlaw.net
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Chad S. Paiva**   trustee.paiva@gmail.com, simone@fenderbollingpaiva.com;ecf.alert+Paiva@titlexi.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Michael P. Cooley
Reed Smith LLP
2850 N. Harwood Street Suite 1500
Dallas, TX 75201

Emily C. Costantinou
Reed Smith LLP
225 Fifth Ave
Pittsburgh, PA 15222